[Sac. No. 957.    Department Two.—May 29, 1903.]

E. BOOTH, Respondent, v. GAMBLE-ROBINSON COMMISSION COMPANY, Appellant.

SUMMONS—SERVICE UPON ASSOCIATION—NON-RESIDENT COPARTNERSHIP —QUASHING OF SERVICE.—Conceding, without deciding, that a non-resident copartnership soliciting business in this state is an ''asso-

ciation'' within the meaning of subdivision 2 of section 411 of the Code of Civil Procedure, the law contemplates and requires that the service of summons thereupon must be made upon the secretary, cashier, or managing agent of such association, and a service made upon a mere employee who is working upon a salary for the specified purpose of soliciting consignments is insufficient, and should be quashed upon motion.

APPEAL from a judgment of the Superior Court of Sacramento County.  Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

William T. Phipps, for Appellant.

"Managing agent," within the meaning of the statute, is something more than an ordinary agent or employee who acts in an inferior capacity for a particular purpose.  (*Redington* v. *Mariposa etc. Co.*, 19 Hun, 405; *St. Clair* v. *Cox*, 106 U. S. 350; *United States* v. *American Bell Tel. Co.*, 29 Fed. 17; 14 Am. & Eng. Ency. of Law, p. 88, note; 8 Am. & Eng. Ency. of Law, pp. 382, 386-388.)

William M. Sims, and Ransom C. Van Fleet, for Respondent.

The partnership was properly sued under its firm name. (Code Civ. Proc., secs. 388, 411, subd. 2; *Davidson* v. *Knox*, 67 Cal. 146; *Harrison* v. *McCormick*, 69 Cal. 621.)  The return of service is *prima facie* evidence that the person named in the return was the managing or business agent.  (*Rowe* v. *Table Mt. Water Co.*, 10 Cal. 441; *Golden Gate etc. Co.* v. *Superior Court*, 65 Cal. 189.)  The decision of the court below, that the person served was a managing or business agent should not be disturbed on appeal.  (*Norton* v. *Atchison etc. R. R. Co.*, 97 Cal. 397.[1])

HENSHAW, J.—Plaintiff alleged that he and defendant entered into a contract in California, whereby the defendant was to sell in Minneapolis, Minnesota, such fruit as plaintiff might consign to it there; that there was due to plaintiff from defendant, upon account of the fruit so consigned and sold, the sum of $2,131.  The defendant is sued under the name above

[1] 33 Am. St. Rep. 198.

given, with no averment to show whether it is a corporation, partnership, or association. Summons was issued, and the return shows that it was served on the Gamble-Robinson Commission Company ''by delivering to E. L. Robinson, the managing and business agent of said company, personally, in the county of Los Angeles, a copy of said summons, attached to a copy of the complaint.'' Defendant, by its attorney, appeared for the sole purpose of quashing the service of summons, and, after hearing, the court denied the motion. Defendant refused to recognize the validity of the service; its default was entered; judgment passed for plaintiff, and defendant appeals.

The appeal turns upon the validity and sufficiency of the service of summons. Section 388 of the Code of Civil Procedure provides that ''When two or more persons, associated in any business, transact such business under a common name, whether it comprise the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates, in the same manner as if all had been named defendants, and had been sued upon their joint liability.'' Respondent declares that his action was brought against the defendant under this provision, and that service of summons was had under section 411 of the same code, which is to the effect that the summons must be served, if the suit is against a foreign corporation or a non-resident joint-stock company or association doing business and having a managing or business agent, cashier, or secretary within this state, by delivering a copy thereof to such agent, cashier, or secretary. Appellant first attacks the constitutionality of section 388, and for his second proposition urges that section 411 makes provision only for service upon a foreign corporation, or a non-resident joint-stock company, or a non-resident joint-stock association, and that to no one of these classes does defendant belong. But it is unnecessary to pass upon these questions, since, conceding everything for which the respondent contends, still, under the evidence, the service was insufficient and void. That evidence consisted of the uncontradicted affidavits of Harry L. and Ernest L. Robinson, the former made at Minneapolis, Minnesota, the latter at Los Angeles, California. Harry L. Robinson's

CXXXIX. Cal.—12

affidavit sets forth that the Gamble-Robinson Commission Company is a copartnership, doing business in Minneapolis, Minnesota. It gives the names of the partners, and affirms that Ernest L. Robinson, upon whom service was made, was not, and is not, in any way connected with the copartnership as a member thereof, but is merely an agent, staying temporarily at Los Angeles, whose duties consist in soliciting consignments of fruits or other merchandise for the company; that the business of the company is selling fruit, produce, and other merchandise upon commission; that Ernest L. Robinson is attempting to increase the business of the copartnership, and is working upon a salary for the copartnership, with no other duties than so to advance its interests. Ernest L. Robinson makes affidavit that he is the person upon whom summons was served; that he is temporarily staying in the city of Los Angeles as a representative of the Gamble-Robinson Commission Company, for the purpose of soliciting consignments of fruit and other merchandise for the company; that he has no connection whatsoever with the firm; that he is not a member of the copartnership, and is acting simply as an employee of the copartnership for the purposes above set forth. These affidavits, as has been said, are uncontradicted. Conceding that the word "association," as used in subdivision 2 of section 411 of the Code of Civil Procedure includes a non-resident copartnership such as this (a concession, however, which, it should be understood, is distinctly not a determination of the matter), still the law contemplates and requires that service must be made upon the secretary, cashier, or managing agent of such association. It here appears without dispute that E. L. Robinson, upon whom service was made, was a mere traveling solicitor, seeking to secure consignments of California fruits and other produce, to be forwarded to and sold by the Minnesota firm. He was but a traveling and temporary sojourner. Plainly, such a solicitor is not "the secretary, cashier, or managing agent," upon whom alone it is permitted that service may be made.

The judgment is therefore reversed and the cause remanded, with directions to the court to quash the attempted service of summons upon defendant.

McFarland, J., and Lorigan, J., concurred.